**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CENTRAL LABORERS' PENSION WELFARE AND ANNUITY FUNDS** ]<br>]<br>]<br>Plaintiffs,  ]<br>vs.  ]<br>]<br>**CHAMPION ENVIRONMENTAL SERVICES, INC.**  ]<br>]<br>Defendant  ] | **Case No. 07 C 6968**<br>**Judge Pallmeyer** |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

**NOW COMES** the Defendant, **CHAMPION ENVIRONMENTAL SERVICES, INC.** by and through its attorneys, **TODD C. LYSTER & ASSOCIATES,** and as its **Answer to Plaintiffs' Complaint**, states:

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Section 1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. Section 185(a), and 28 U.S.C. Section 1331.

    **ANSWER:** Admits

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132 (e)(2), and 28 U.S.C. Section 1391 (a) and (b).

    **ANSWER:** Admits

3. **CENTRAL LABORERS' FUNDS** are multi employer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. Sections 1002(3) and 37(A). The Funds are maintained and administered in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. Section 186 (c)(5). They are established pursuant to collective bargaining agreements entered into between various Unions and certain employer associations whose employees are covered by the collective bargaining agreements with the unions. The Funds have offices and conduct business within this District.

   **ANSWER**:   Admits

4. LABORERS LOCAL #309 is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment and are individually authorized to enter into collective bargaining agreements with employers on behalf of the Union.

   **ANSWER**:   Admits

5. **CHAMPION ENVIRONMENTAL SERVICES, INC.** (hereinafter referred to as "**CHAMPION**") is a Wisconsin Corporation engaged in the construction industry which is an industry affecting interstate commerce. **CHAMPION** at all times material herein, was doing business within this geographic area with its main office in Elmhurst, Illinois.

   **ANSWER**:   Admits, that the Defendant is a Wisconsin Corporation. The Defendant does not have sufficient information to form a belief as to the truthfulness of the allegation that Defendant was doing business "within this geographic area" and therefore denies said allegation.

    Denies that its main office is located in Elmhurst, Illinois.

6. On May 14, 2007, the **Union and Champion** entered into a Project Specific Agreement for the JC Penney North Park and South Park Only. See Exhibit A.

    **ANSWER**: Admits

7. Under the terms of the Project Specific Agreement, **CHAMPION** was required to make periodic contributions to the Northern IL & IA Laborers' Clearing Account and the Laborers Local Union #309 Fringe Benefit Account. The **CENTRAL LABORERS' FUNDS** have been duly authorized to act as an agent in the collection of contributions due to the Northern IL & IA Laborers' Clearing Account and the Laborers Local Union #309 Fringe Benefit Account.

    **ANSWER**: Admits

8. These contributions are to be received by the Funds no later than the 15th day of the month, following the month in which the work was performed.

    **ANSWER**: Admits

9. The Project Specific Agreement requires **CHAMPION** to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

    **ANSWER**: Admits that the Project Specific Agreement contains provisions regarding **Champion's** books and records. The Defendant denies all other allegations contained in paragraph 9 that are inconsistent with a complete reading of the Project Specific Agreement.

10. Beginning May 14, 2007, Defendant acknowledged and ratified the Project Specific Agreement for the JC Penney North Park and South Park Only to which it was bound by filing periodic report forms to the Laborers Local 309 Northern IL & IA Laborers Fringe Benefit Funds, by making some but not all of the periodic payments as required by the Project Specific Agreement.

    **ANSWER**: Admits that Defendant made some periodic payments pursuant to the various report forms submitted and required by the Project Specific Agreement. Defendant denies all other allegations contained in paragraph 10.

11. Defendant has failed to pay all contributions and union dues pursuant to the Project Specific Agreement for the JC Penney North Park and South Park only.

    **ANSWER**: Defendant admits that it currently owes some contributions and **Union** dues pursuant to the Project Specific Agreement.

12. Defendant owes Five Thousand Seventy Four Dollars and eighty cents ($5,074.80) to the **CENTRAL LABORERS' FUNDS**, for unpaid contributions and dues from May 14, 2007 through August 31, 2007. See Exhibit B.

    **ANSWER**: Denies the allegations contained in paragraph 12.

13. Pursuant to the Project Specific Agreement to which Defendant is bound, Defendant is obligated to pay ten percent (10%) in liquidated damages for all contributions to the

Plaintiffs which were not paid in a timely manner

**ANSWER**:   Denies the allegations contained in paragraph 13.

14. The Company's actions in failing to make timely reports and contributions violate Sections 515 of ERISA, 29 U.S.C. Section 1145, and Section 301 of the LMRA.  29 U.S.C. Section 185.

    **ANSWER:**   Denies the allegations contained in paragraph 14.

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. Section 185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as liquidated damages on the unpaid and late contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

    **ANSWER**:   Denies the allegations contained in paragraph 15.

**WHEREFORE,** Defendant, **CHAMPION ENVIRONMENTAL SERVICES, INC.,** prays that the Plaintiff's Complaint be dismissed with prejudice and that its be awarded its costs.

_____
**TODD C. LYSTER,**
attorney for
**Champion Environmental Services,**

**TODD C. LYSTER**
**Todd C. Lyster & Associates**
**221 North LaSalle Street**
**Suite 2700**
**Chicago, Illinois  60601**
**(312) 855-0875**
**Attorney Code 26312**

## PROOF OF SERVICE

    Oleksandra Kalynyuk, a non-attorney, hereby certifies that a copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT** was served upon the attorney(s) of record, was [ x] FAXED, [ ] hand delivered and/or [ ] placed in the U.S. Mailbox located at 221 North LaSalle Street, Chicago, Illinois 60601, properly addressed, with first class postage prepaid, on this **15** day of **April, 2008** by 5:00 P.M.

                     _____
                      **OLEKSANDRA KALYNYUK**

**TODD C. LYSTER & ASSOCIATES**
**221 North LaSalle Street**
**Suite #2700**
**Chicago, Illinois  60601**
**(312)  855-0875**
**Attorney Code  26312**